## MRS. LILLY ELLIS v. W. N. BROOKS ET AL.

### No. 1702. Decided May 22, 1908.

**1.—Liquor Dealer's Bond—Death—Abatement of Action.**

An action against a liquor dealer and the sureties on his bond to recover the penalty provided by statute (Rev. Stats., art. 3380) for selling intoxicants to plaintiff's minor son, suffers abatement by the death of the plaintiff. (Pp. 593, 594.)

**2.—Same—Reversal—Judgment—Settling Case.**

After the death, pending appeal, of the plaintiff, a parent suing for the statutory penalty against a liquor dealer for selling intoxicants to her minor son, a reversal of the judgment for any supposed error practically settles the case, since the action would then be abated in the trial court on suggestion of plaintiff's death. (P. 594.)

**3.—Same—Jurisdiction of Supreme Court—Evidence.**

In order to give the Supreme Court jurisdiction over a case reversed and remanded, it is not essential that the case be settled as a logical sequence of the decision itself, but facts giving it that effect, such as the death of plaintiff pending appeal and consequent abatement of the action in case of reversal, may be shown by affidavit in support of the jurisdiction. (P. 594.)

**4.—Charge—Burden of Proof.**

An instruction that the burden of proof to make out his case by a preponderance of evidence was upon plaintiff was sufficient to justify the refusal of a charge to find for defendant if it was not so made out. (Pp. 594, 595.)

**5.—Liquor Dealer—Sale to Minor—Abatement—Death of Plaintiff.**

The abatement, by death of plaintiff, of a pending action by a father to recover the statutory penalty on a liquor dealer's bond for selling intoxicants to his minor son, was no bar to a subsequent suit by the mother to recover for the same violation of the conditions of the bond, she being also a party aggrieved and entitled to prosecute an independent action therefor. (Pp. 595, 596.)

**6.—Liquor Selling—Prohibitionist as Juror.**

The fact that a juror, in an action for violation of a liquor dealer's bond by selling to a minor, was a prohibitionist and prejudiced against the liquor traffic, did not make him subject to challenge by defendant for cause. Grady v. Rogan, 2 App., C. C. (Wilson) sec. 263 approved but limited. Houston & T. C. Ry. Co. v. Terrell, 69 Texas, 653, distinguished. (P. 596.)

**7.—Practice in Supreme Court.**

When the Supreme Court, on the questions of law presented on writ of error, overrules the Court of Civil Appeals which has reversed and remanded the case, but finds a question as to the sufficiency of evidence properly raised on appeal and not disposed of in the opinion, it will return the case to the Court of Civil Appeals for its finding upon that assignment before pronouncing decree affirming the judgment of the trial court. (P. 597.)

Error to the Court of Civil Appeals for the Third District, in an appeal from Lamar County.

Mrs. Ellis sued Brooks and others and recovered judgment. Defendants appealed and the judgment was reversed and cause remanded, whereupon writ of error was obtained on the ground that the ruling practically settled the case.

*Dudley & Dudley* and *Hale, Allen & Dohoney,* for plaintiff in error.—The mother is an "aggrieved person," under the statute (Rev. Stats., art. 3380), for the sale of liquor to her minor child, by a liquor dealer, or by such dealer's permitting her minor child to enter and remain in his place of business. As such she is authorized to sue, and is given a cause of action against the liquor dealer on his bond, and the death of her husband can not affect, abate, or take away her cause of action. Peavy v. Goss, 90 Texas, 90; Wright v. Tipton, 92 Texas, 168; Qualls v. Sayles, 18 Texas Civ. App., 400; Tipton v. Thompson, 21 Texas Civ. App., 143; Choate v. Vlha, 40 Texas Civ. App., 566; Tarkington v. Brunett, 51 S. W. Rep., 274; Burlew v. Schiller, 41 Texas Civ. App., 202; Speer on Law of Married Women, sec. 289; Endlich on the Interpretation of Statutes, sec. 257; Hill v. Williams, 14 Serg. & R. (Pa.), 287; Burns v. Bryan, 1 Pitts. (Pa.), 191; State v. Youmans, 5 Ind., 280; Wood v. Wheeler, 7 Texas, 19, 20; Central Ry. Co. v. Green, 86 Penn. St., 427.

The juror was not subject to challenge for cause. Grady v. Rogan, 2 App. Civ. Cases, sec. 263; Taul v. State, 61 S. W. Rep., 394; Lively v. State, 73 S. W. Rep., 1048; Long Mfg. Co. v. Gray, 13 Texas Civ. App., 179; Gardner v. State, 40 Texas Crim. Apps., 21; Thompson v. State, 19 Texas Crim. App., 612.

The court told the jury that the burden of the proof is upon the plaintiff to make out her case by a preponderance of the evidence. This was sufficient, even though the charge asked was proper. Brown v. Perez, 89 Texas, 286. To have given the charge requested would have been 'error. The jury might have concluded from this charge that it was ·necessary for the plaintiff to prove all the facts, or breaches of the bond alleged before she could recover. Wakeham v. Price, 14 Texas Ct. Rep., 74.

It was a question of the credibility of the witnesses, and the weight of their evidence, and not of burden of proof, and it was not necessary for the trial court, even when requested, to instruct the jury as to the burden of proof. Houston & T. C. Ry. Co. v. Dotson, 15 Texas Civ. App., 73; Stooksbury v. Swan, 85 Texas,. 566; Blum v. Strong, 71 Texas, 324; Taylor, B. & H. Ry. Co. v. Taylor, 79 Texas, 114; Texas & Pac. Ry. Co. v. Geiger, 79 Texas, 21; Western Union Tel. Co. v. Bennett, 1 Texas Civ. App., 561; Reynolds v. Weinman, 33 S. W. Rep., 302; Hughes on Instructions to Juries, secs. 19, 21, 25; Paris, M. & S. Ry. Co. v. Nesbitt, 11 Texas Civ. App., 610; Gulf, C. & S. F. Ry. v. Harriett, 80 Texas, 73; Gulf, C. & S. F. Ry. v. Hudson, 77 Texas, 494; Gulf, C. & S. F. Ry. v. Gowan, 73 Texas, 355; Chittim & Parr v. Martinez, 94 Texas, 141; Texas & N. O. Ry. Co. v. Syfan, 43 S. W. Rep., 554.

When plaintiff recovered her judgment, her original cause of action was merged into the judgment of the District Court. This judg-

ment remains valid and subsisting until set aside. After its rendition it constitutes the cause of action in favor of the legal representative of the plaintiff after her death, although the cause of action would not survive. Gibbs v. Belcher, 30 Texas, 79; Galveston, C. R. R. Co. v. Nolan, 53 Texas, 139.; Brooke v. Clark, 57 Texas, 109; Pullman Co. v. Fouler, 27 S. W., 268.

This court, being an Appellate Court, can not hear evidence outside the record, but may consider affidavits to sustain or defeat its jurisdiction, or to strike out or sustain the statement of facts in the record. Harris v. Hopson, 5 Texas, 529; Dial v. Rector, 12 Texas, 99.

*Moore, Park & Birmingham,* for defendants in error.—The rulings on appeal did not practically settle the case within the meaning of the statute. Rev. Stats., arts. 940, 941, 973; Harvey v. Sutton, 94 Texas, 79; Lee v. International & G. N. Ry. Co., 89 Texas, 583.

Where the father and mother of a minor are living together as husband and wife, the law recognizes the husband as the head of the family and enjoins upon him the duty of maintaining, educating and protecting his children, and the father is the "aggrieved person" mentioned in our statute requiring the execution of a bond by liquor dealers, conditioned on conducting their business as prescribed, and he alone has the right to maintain a suit on such bond for a sale of liquor to his minor child. Johnson v. Rolls, 97 Texas, 453; Peavy v. Goss, 90 Texas, 89; State v. Schuenemann, 18 Texas Civ. App., 485; Schreiber v. Sharpless, 110 U. S., 76; 5 Enc. of Pl. & Prac., 811; 1 Cyc. p. 60 (b) and page 67 (d) and cases there cited from Ala., Conn., Ill., Ind., Ky., Mass., N. Y., N. C., Pa., Tenn., Texas, Vt., U. S.; 19 A. & E. Encycl. of L., 2d ed., pp. 790-811 and cases there cited.

The court erred in overruling the appellants' challenge of the juror, J. W. Pender, made on the ground that said juror had a bias or prejudice against defendants, they being retail liquor dealers. Sayles' Statutes, arts. 3140-3208; Houston & T. C. Ry. Co. v. Terrell, 69 Texas, 650; Texas Central Ry. Co. v. Blanton, 81 S. W. Rep., 537.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

The Court of Civil Appeals having reversed the judgment of the District Court and remanded the cause, this writ of error was granted upon the ground that the judgment of reversal practically settled the case. The defendants in error move to dismiss, asserting that the case is not one in which this court has jurisdiction on the ground stated.

The suit was brought by Mrs. Ellis against the principal and sureties in a liquor dealer's bond to recover on account of sales of liquor by the dealer to her minor son, and also on account of the dealer having permitted the minor to enter and remain in his saloon. She recovered judgment in the District Court in the sum of $2,500, for five breaches of the bond, from which the defendants appealed to the Court of Civil Appeals. The decision rendered by that court would not, of itself, have defeated another recovery, but it is made

to appear by affidavits in support of the jurisdiction of this court that the plaintiff died after the appeal was perfected and before it was decided. While the death of Mrs. Ellis did not have the effect to abate her cause of action upon the judgment which was involved in the appeal, so long as it was unreversed, the reversal of it would remit her to the cause of action set up in her pleadings in the District Court, and that cause of action would be abated by her death. (Galveston, etc., Ry. Co. v. Nolan, 5ɔ Texas, 146-7; Johnson v. Rolls, 97 Texas, 453.) Hence, if the judgment of reversal is to stand, its effect is to destroy all further right of action. After her death the only right which remained to her estate depended on upholding the judgment she had recovered, and the setting aside of that would end the case. If the record before the Court of Civil Appeals had shown the death in such way as to justify that court in taking notice of it for the purpose of rendering its judgment, the proper practice would have been to have dismissed the cause rather than to remand it, in which case there would have been nò question as to the jurisdiction of this court. Facts necessary to the ascertainment of such jurisdiction may be shown by affidavits, and when that in question is thus shown we think the jurisdiction is established.

The contention of counsel for defendants in error is that the language of the statute: "When the judgment of the Court of Civil Appeals reversing a judgment practically settles the case," applies only where the case is settled as a logical sequence of the decision itself; or, in other words, where there is a decision of some question in such way as to conclusively control the future disposition of the cause. Such cases are undoubtedly included in the language and constitute the bulk of those reversed and remanded ones in which the jurisdiction of this court is invoked. But we think the phrase, "practically settles" is broad enough to embrace all cases in which the practical effect of the reversal is to finally determine the rights of the parties. The provision in question intends to give to parties the right to a decision from this court before their rights are finally disposed of, the case, in its nature, being one in which the court would have jurisdiction over a final judgment of the Court of Civil Appeals. The right to immediate review is of more importance in causes in the condition of this one, than it would be in those in which the decisions merely lay down rules which will absolutely control the further proceedings; for in the latter the correctness of the decisions may finally be reviewed in this court; while, if this case were remanded to the District Court, it would, of necessity, be abated because of the death of the plaintiff, and not because of the ruling of the Court of Civil Appeals on which it was reversed; and subsequent appellate proceedings could only bring in review the judgment of abatement, and not that of reversal. We are clearly of opinion that we should entertain jurisdiction and determine whether or not the judgment of the District Court was properly reversed.

The ruling of the trial court upon which the reversal was based was the refusal of a special charge requested by the defendants upon the burden of proof. The evidence in the case consisted of the positive testimony of the minor to the facts of the sales and of the

permitting him to enter and remain in the saloon and the equally positive denial of those facts by the defendant Brooks. In its general charge the court instructed the jury, in substance, that if they found that the defendant, Brooks, made the sales of liquor to the minor, or permitted him to enter and remain in the saloon, as alleged, they should find for plaintiff; but that if they should find that the defendant did not so sell to the minor or permit him to enter and remain, they should find for defendants. This was immediately followed by the instruction: "The burden of the proof is upon the plaintiff to make out her case by a preponderance of the evidence, and you are the exclusive judges of the credibility of the witnesses and the weight to be given to their testimony." The instruction refused was: "Unless you believe that plaintiff has proven the facts which entitle her to recover under the main charge, by a preponderance of the evidence, then you will find a verdict for the defendant." All that the requested instruction added to that given on the burden of proof was the direction to find for defendants in the supposed condition of the proof. But the general charge defined the facts upon which the jury should find for the one or the other party, and when there was added the caution that the burden was on plaintiff to prove by a preponderance of evidence the facts upon which she was to recover, the jury could have been left in no doubt as to the state of the evidence in which they should find for defendants. We can not see that any substantial aid would have been given by the special instruction. It becomes unnecessary to consider whether or not the special charge would have been inappropriate to the case and calculated to mislead the jury.

We proceed to determine the other grounds assigned in the Court of Civil Appeals. The first is that the only cause of action which arose from the facts alleged abated upon the death of Mr. Ellis, the father of the minor. It appears that, at the time the breaches of the bond are alleged to have occurred, the father was living; that he brought suit against defendants upon the facts now relied on and died pending that action; that his death was suggested, and that Mrs. Ellis in behalf of herself and his children, as his heirs, asked to be allowed to prosecute the action, but that it was declared by the judgment of the District Court to have abated upon Ellis' death. Subsequently the present action was begun by Mrs. Ellis. We agree with the Court of Civil Appeals in holding against this contention. The statute provides that the bond may be "sued on at the instance of any person or persons aggrieved by the violation of its provisions." In the case of Peavy v. Goss (90 Texas, 92) this court, in considering the right of a mother, who was a widow when liquor was sold to her minor son, to maintain an action upon the bond, used this language: "In a legal sense, a person is aggrieved by an act when a legal right is invaded by the act complained of. It is the duty of a parent to look after the moral training of his minor children, and it is his legal right to keep them away from temptation. This legal right of the parent is infringed when one, in violation of law, sells intoxicating liquor to his minor child, or permits such child to enter or

remain upon the premises, where such liquor is retailed. In this case the father being dead, the mother had the right to sue upon the bond. It seems to us, however, with reference to the particular infraction complained of in this case, that no one has a right of action except the parent or some one standing *in loco parentis.*"

This case differs from that in the fact that here the minor had both father and mother while there he had only a mother when the breaches of the bond were committed. But the statute assumes that more than one person may be aggrieved and gives the right of action to all of them. The mother is none the less, because the father too is aggrieved. She, as well as the father, is injured in her rights by such conduct towards the child, and a cause of action, by the terms used, is given to her as fully as it is to him. The general rules of our law regulating the rights of husband and wife to maintain actions of other kinds need not be consulted. This action arises from the provisions of the particular statute and it is enough to give it to a mother, though she be also a wife, that she is, in the language of the statute, aggrieved by the violation of its provisions made for her benefit. The statute may contemplate but one recovery for the same breach of such a bond, and a recovery by a husband might bar an action by the wife; but no such defense exists here. There may be but one right of recovery but any party aggrieved may prosecute it, and this right of one can not be abated by the death of another. The only right of action which was abated by the death of the husband was that which accrued to him. Her right is asserted in this action and it was unaffected by his death.

Another ruling of the trial court which is complained of was in regard to the qualification of one of the jurors. It was made to appear by his answer that he was a prohibitionist and had taken an active part in several prohibition elections; that he had a prejudice against the retail liquor business; that this prejudice was also against men engaged in that business "to the extent of the liquor traffic, but not against individuals;" that he had no prejudice against any of the defendants, as men; and that he could "go on the jury in the case and render a fair and impartial verdict according to the evidence and ruling of the court." We do not think that this statement shows that the juror was disqualified. It shows nothing more than an unfavorable opinion of the liquor traffic and of men engaged in it, which need not interfere at all with his impartiality in deciding the questions of fact to be passed upon under the instructions of the court. His opinion of liquor dealers and the business they carry on would not necessarily or naturally affect his verdict upon the question whether or not the defendant had sold liquor to plaintiff's son or had permitted him to enter and remain in the saloon. No bias, prejudice or opinion affecting that question was shown.

The question was so decided by the Court of Appeals (2 Willson, 263), we think correctly, although that court may have gone too far in saying that jurors could not be interrogated as to the state of their minds upon such subjects. The questions asked the jurors in Houston & T. C. Ry. v. Terrell (69 Texas, 653) were excluded by the court and no inquiry at all into their opinions was allowed.

Besides the questions there asked were with reference to their opinions about the case on trial. That decision does not sustain the present contention.

In their eighth assignment of error the defendants in error assert that the evidence does not show that the beer sold to the minor was spirituous or malt liquor. The Court of Civil Appeals expressly pretermitted findings upon the assignments assailing the verdict of the jury and this court has not the power to decide questions of fact, where there was any evidence upon them to be considered by the jury. The plaintiff in error, however, says in reply to this assignment that the motion for new trial in the District Court was insufficient to raise the question now made and thus presents a question of law which we can decide; and we think the point was not raised by the motion and can not now be considered. This disposes of all of the assignments raising questions of law which require especial notice. None of the others were sustained by the Court of Civil Appeals.

The seventh assignment of error makes the point that there is no credible evidence sufficient to show five breaches of the bond and that the verdict is therefore excessive. This matter was sufficiently presented in the eleventh ground of the motion for new trial in the District Court and raises a question of fact upon which the Court of Civil Appeals has not passed and upon which this court can not pass. The proper course therefore is to send back the record to that court for a finding upon the point. (Parks v. S. A. Traction Co., 16 Texas Ct. Rep., 188.) The judgment of this court will not be entered until the return of such finding.

OPINION FILED JUNE 26, 1908.

The Court of Civil Appeals having returned the record with their conclusion upon the question of fact referred to in our original opinion, which conclusion is that the verdict of the jury is sustained by the evidence, the judgment of the Court of Civil Appeals will be reversed and that of District Court affirmed.

*Reversed and judgment of District Court affirmed.*