## GALVESTON, HOUSTON & HENDERSON RAILROAD COMPANY v. F. C. M. GREB.

### Decided November 22, 1910.

**1.—Personal Injuries—Expenses—Pleading.**

In an action for damages for personal injuries, the failure of the petition to allege that certain expenses incurred for medicines, medical attention, etc., were reasonable, is a defect that should be taken advantage of by special exception.   Otherwise proof should be admitted of the fact.

**2.—Charge—Burden of Proof—Alternative Instruction.**

The court having charged the jury that the burden of proof was upon the plaintiff to make out his case by a preponderance of the evidence, it was not reversible error to refuse a requested instruction to the effect that unless the plaintiff had done so, the verdict should be for the defendant.

**3.—Personal Injury—Contributory Negligence—Pleading.**

When, in a personal injury suit, the plaintiff's own evidence raises the issue of contributory negligence on his part, the defendant is entitled to have the issue submitted to the jury whether he pleads it or not.

**4.—Same—Railroad Crossing—No Contributory Negligence.**

A plaintiff, in a personal injury suit, in driving along a public street some eighty feet wide, on approaching a railroad crossing saw a train of cars, with an engine attached, projecting over the line of the street and partly obstructing the same some three or four feet; the engine and cars were standing still; although a switchman was usually kept at said crossing, there was none in sight at that time; there was no one at or near the rear car to·give warning that the cars were about to be moved, and nothing to indicate or suggest that fact; and there was ample room in the unobstructed portion of the street to drive across in safety.   Held, there was nothing in said circumstances to suggest to a man of ordinary care that the train might be backed while he was crossing the track, therefore the issue of contributory negligence was not raised by the evidence, and, in the absence of an affirmative plea by defendant of contributory negligence on the part of plaintiff, the court did not err in refusing to submit such issue to the jury.

**5.—Practice on Appeal—Conflicting Evidence.**

It is only when the verdict is so against the preponderance of the evidence as to be manifestly wrong that a Court of Civil Appeals is authorized to set it aside and grant a new trial.   This will .not be done when the evidence is evenly balanced and sharply conflicting.   Evidence considered, and held to present peculiarly a case for a jury.

Appeal from the District Court of Galveston County.   Tried below before Hon. Clay S. Briggs.

*M. E. Kleberg,* for appellant.—A plaintiff who sues for the recovery of damages for personal injuries is not entitled to prove that he paid, or contracted to pay, for medical attendance and service for treatment

of his injuries, unless his petition alleges that such services, so rendered, were necessary, and that the amount paid by him, or contracted to be paid by him, was reasonable. Wheeler v. T. S. E. Ry. Co., 91 Texas, 356.

Where the evidence, as in this case, is sharply conflicting, the appellant was entitled, upon its request, to have the jury instructed that it was necessary that appellee should make out his case by a preponderance of the evidence, and also that his failure to do so entitled the appellant to a verdict. S. W. Tel. & Tel. Co. v. Newman, 34 S. W., 661.

In an action for personal injuries defendant is entitled to a decision upon the question of plaintiff's contributory negligence, necessarily put in issue by plaintiff's development of the transaction resulting in the injury, although not pleaded. Gulf, C. & S. F. Ry. Co. v. Allbright, 26 S. W., 250, 251; Murray v. Railroad Co., 73 Texas, 3; Texas & N. O. Ry. Co. v. Crowder, 63 Texas, 502; Gulf, C. & S. F. Ry. Co. v. Riordan, 22 S. W., 519.

Appellee, having made the following allegations in his petition, that "plaintiff did not in any way contribute to defendant's said negligence; that plaintiff used due care for his own safety in crossing said public highway," and appellant having traversed this allegation by a general denial, the question of contributory negligence by the appellee *vel non* became a direct issue in the case. A general denial puts in issue every material allegation in plaintiff's petition. Willis v. Hudson, 63 Texas, 678; Moore v. Hazelwood, 67 Texas, 624; Glasscock v. Hamilton, 62 Texas, 149.

*Marsene Johnson,* for appellee.

REESE, Associate Justice.—F. C. M. Greb sued the Galveston, Houston & Henderson Railroad Company in the District Court to recover damages for personal injuries sustained by him, and also damage to the wagon in which he was riding, occasioned by a collision between a car of defendant and the wagon at a street crossing in the city of Galveston. To the action defendant pleaded general demurrer and general denial only.

A trial with a jury resulted in a verdict and judgment for $2668, from which defendant appeals.

The evidence is sufficient to show that appellee was injured substantially as alleged by him by the backing of a car in a train of four or five cars to which there was attached an engine, all belonging to and being operated by appellant, against a wagon in which appellee and another were riding while they were crossing the tracks of appellant at the intersection of Thirty-seventh Street and said tracks.

The evidence is also sufficient to support the finding of the jury that the accident was proximately caused by the negligence of those in charge of the engine and cars; that appellee was in the exercise of due care for his own safety; and that his injuries were of such a character as to authorize a verdict for the amount awarded him.

The first assignment of error complains of the action of the court in overruling the general demurrer. The ground of demurrer here urged is that the allegations of the petition are contradictory, in that it is stated that the engine collided with the wagon, and also that a car, of the several to which the engine was attached, struck the wagon. There may be a slight verbal ambiguity in the language of the petition in this regard, but it clearly appears, when the whole of it is considered, that it charges that the car, and not the engine, struck the wagon. There is no merit in the assignment. The second, third and fourth assignments present substantially the same question, and are overruled.

The petition alleged the payment by appellee of certain amounts for medical services, but did not allege that such charges were reasonable. On the trial he introduced evidence that the charges were reasonable, to which appellant objected, on the ground that they were not alleged to be reasonable. The objection was overruled and appellant excepted and presents the question by its fifth assignment of error.

It has been frequently decided that no recovery can be had, in cases of this character, for money paid for medical services, medicine, etc., unless the evidence shows that the charges so incurred or paid are reasonable. (Wheeler v. Tyler S. E. Ry. Co., 91 Texas, 360, and many other cases.) But we have been unable to find a case where the question here presented was raised. Under these authorities this portion of the petition was subject to special exception, but in the absence of such exception we think the objection to the evidence was properly overruled. It has often been decided that objection of this character should be presented by special exception where the defect can be cured by amendment, and that the practice of lying in ambush for one's adversary with an objection to testimony in support of the defective averment, was not proper practice.

There is no merit in the sixth assignment of error. Having charged the jury that the burden of proof was upon plaintiff to make out his case by a preponderance of the evidence, it was not reversible error to refuse to further charge, as requested by appellant, that "unless he had done so, the verdict should be for defendant." Some presumption must be indulged that the members of the jury possess ordinary intelligence. If they had any at all they could not fail to understand, under the court's charge, that if plaintiff had failed to make out his case by a preponderance of the evidence he had not met the burden imposed upon him by the law, and therefore was not entitled to a verdict. Still, we see no reason why the additional charge requested should not have been given if appellant desired it. The assignment is overruled. (Brooks v. Ellis, 101 Texas, 591.)

The appellant requested the court to charge the jury as follows:

"The jury is charged that, in crossing the track of the defendant, it was the duty of the plaintiff to conduct himself as a man of ordinary prudence and care would have done under the circumstances in which he then was, and if he failed to use such ordinary care, and by so doing

brought about or contributed to his injury, he would be guilty of contributory negligence, and if he was so guilty of contributory negligence, the plaintiff cannot recover."

This was refused and the refusal is made the ground for the seventh and eighth assignments of error.

There was no plea of contributory negligence on the part of appellant. The only pleas were a general demurrer and general denial. It was alleged in the petition that when the accident occurred appellee was in the exercise of proper care for his own safety; and the court in its general charge instructed the jury that before they could return a verdict for plaintiff they must find from the evidence not only the negligence of appellant, but that when appellee sustained the injuries he "was in the exercise of ordinary care for his own safety."

The rule invoked by appellant is thus clearly stated in Gulf, Colorado & Santa Fe Ry. Co. v. Allbright, 7 Texas Civ. App., 21 (26 S. W., 251): "The facts raising the question of contributory negligence all came out in the development of the transaction on which the plaintiff relied for a recovery. To entitle him to recover, it was necessary for him to develop that transaction, and show his relation to and connection with it. It was also the right of defendant, by cross-examination of plaintiff's witnesses and by introduction of its own witnesses, to cover the same ground, and show the whole of the occurrence put in issue by the action. If, when thus fully developed, the plaintiff's connection with the collision was such as presented the question whether or not he was guilty of negligence which helped to cause it, the defendant was entitled to have a decision of it, whether pleaded or not." Citing Murray v. Gulf, C. & S. F. Ry. Co., 73 Texas, 3; Texas & N. O. Ry. v. Crowder, 63 Texas, 502; Gulf, C. & S. F. Ry. v. Riordan, 22 S. W., 519.

To bring the present case within the rule it is urged by appellant that the testimony of appellee's witnesses and himself, in developing the circumstances in which the accident occurred and the manner of it, suggested that appellee was guilty of contributory negligence, proximately causing the accident, by attempting to drive across the tracks of appellant along the street in question at a point where the street was partially blocked by the car standing on the railroad track and attached, with several others in the train, to the engine; and also in attempting to cross only ten or twelve feet from the car, when the width of the street unobstructed allowed of his crossing at a greater distance from the car.

Much stress is laid upon the fact that the engine was in such plain view that appellee must have seen it, and that it was attached to the car standing up against, and partially over on, the street a few feet. We think it can make no difference if appellee had testified that he saw the engine. The case then would have been that appellee, driving along a public street in a city, some eighty feet wide, on approaching the intersection of the street with the railroad track sees three or four cars to which is attached an engine, the rear car projecting over the line of

the street three or four feet. There is no movement of engine or cars. They are standing perfectly still. Although a switchman is kept at this crossing, he is not in sight, and in fact is not there. There is no one at or near the rear car to give warning of the contemplated movement of the cars. There is absolutely nothing to indicate or suggest that the engine or cars are about to move. There is ample room to drive across in perfect safety. We cannot see that there is anything in these circumstances that in the slightest degree suggests that a man of ordinary care would have hesitated to drive across as appellant did. He was on a public crossing and had as much right there as appellant, and there was nothing to indicate any danger that those in charge of the engine and cars would, without warning, move the cars to his injury. It is of no significance, and certainly does not suggest negligence on appellee's part, that he attempted to cross not more than ten or twelve feet from the standing car, when the width of the street was sufficient to allow him to do so thirty or forty feet away. The distance was ample for his safety if the cars remained standing, and, as we have said, there was nothing to create a suspicion that they would move before he could cross. If the facts had been such as to require a charge on contributory negligence, in the absence of such plea, as stated in the Allbright case, we do not think that the charge of the trial court was sufficient on this point to justify the refusal of the charge requested. But we do not think that the evidence was such as to require a charge on this issue in the absence of an affirmative plea on the part of the defendant.

It is to be noted that the appellant's witnesses denied that the car moved or touched the wagon, but stoutly insisted that the horse turned around suddenly before reaching the track and overturned the wagon. So whatever evidence of contributory negligence there is, is offered by the testimony of appellee and his witnesses in narrating the occurrence. Our conclusion is that there was no error in refusing the charge referred to. What we have said disposes also of the ninth assignment of error, which is overruled.

In its tenth assignment of error appellant complains, that the verdict of the jury "is contrary to a preponderance of the evidence, and the plaintiff has failed to prove his case by a preponderance of the evidence." It is only when the verdict is so against the preponderance of the evidence as to be manifestly wrong that this court is authorized to set it aside and grant a new trial. The record presents a rather extraordinary condition. Some five or six witnesses, including appellee and a companion in the wagon with him, every one of whom, if he tells the truth, was in a position to see plainly the entire occurrence, testified in the most positive manner to the collision of the moving car with the wagon on the crossing, the overturning of the wagon on the occupants, and consequent injury of appellee. On the other hand, about an equal number of witnesses, some of them trainmen in charge of this engine and train, and all right on the spot, testified that while driving along the

street, approaching the track, but before getting to the track, the horse suddenly shied or turned, overturning the wagon, and that the car never moved or touched the wagon. Appellant's witnesses were the first to get to appellee and assist him. The evidence presents peculiarly a case which it was for the jury to settle. It was peculiarly a case to be determined upon a proper consideration of the weight of the evidence and the credibility of the witnesses and there is no warrant for our interference. So the verdict must stand, as against this objection.

The eleventh and twelfth assignments of error and the proposition thereunder are overruled without discussion. What is complained of were, if anything, mere omissions in the charge, to be supplied, if desired by appellant, by special instructions, which should have been asked for.

The verdict is complained of as excessive. It is, in view of the evidence, exceedingly liberal, but we cannot say that it is so large as to suggest that it was the result of passion, or prejudice or other improper motive and not of a fair consideration of the evidence. We believe that is the rule laid down by our Supreme Court. The assignment is overruled.

We find no error requiring reversal and the judgment is affirmed.

*Affirmed.*