ST. LOUIS, S. F. & T. RY. CO. v. WHAT-
LEY. (No. 2127.)

(Court of Civil Appeals of Texas. Texarkana.
May 8, 1919. Rehearing Denied
May 22, 1919.)

1. RAILROADS ⚖═282(13)—INJURIES FROM ES-
CAPING STEAM — INSTRUCTION — CONTRIBU-
TORY NEGLIGENCE.

In action for injury to plaintiff by escaping
steam from passing engine when he drove his
team between depot platform and track for
purpose of unloading lumber, an instruction on
contributory negligence, making it the duty of
plaintiff to exercise ordinary care, *held* to suf-
ficiently cover the issue as raised by the evi-
dence.

2. RAILROADS ⚖═282(13) — INJURY FROM ES-
CAPING STEAM — INSTRUCTIONS—PROXIMATE
CAUSE.

In action for injury to plaintiff by escap-
ing steam from passing engine when he drove
his team between depot platform and track for
purpose of unloading lumber, an instruction on
proximate cause *held* not misleading.

3. JURY ⚖═97(4) — CHALLENGE FOR CAUSE —
GROUNDS.

In a personal injury suit that juror was en-
gaged in preparing for injured persons their
suits against railroads was not ground for chal-
lenge for cause when he stated that he had
no interest in instant case and could decide
case impartially, record not showing that he
was interested in any suit against defendant.

4. RAILROADS ⚖═282(5)—INJURIES FROM ES-
CAPING STEAM—SUFFICIENCY OF EVIDENCE.

In action for injury to plaintiff by escaping
steam from passing engine when he drove his
team between depot platform and track for
purpose of unloading lumber, conflicting evi-
dence *held* sufficient to support verdict for
plaintiff.

Appeal from District Court, Hunt County;
A. P. Dohoney, Judge.

Action by S. J. Whatley against the St.
Louis, San Francisco & Texas Railway Com-
pany. Judgment for plaintiff, and defendant
appeals. Affirmed.

Dinsmore, McMahon & Dinsmore, of Green-
ville, and J. L. Lockett, Jr., of Ft. Worth, for
appellant.
Clark & Sweeton, of Greenville, for ap-
pellee.

HODGES, J. This appeal is from a judg-
ment in favor of the appellee for the sum of
$1,000 as damages for injury to his eye caus-
ed by the escape of steam from one of the
appellant's locomotives. The injury occurred
under the following circumstances: The ap-
pellee and his son were engaged in delivering
lumber for shipment at Celeste, a station in
Hunt county on the appellant's line of rail-

road. Each of them was upon this occasion
driving a team for the purpose of unloading
at the depot platform. The appellee drove
his team in between the platform and the
main line of the railway, a space of approxi-
mately 13½ feet. It was near nightfall, and
was beginning to grow dark. According to
the appellee's testimony, just as he had pro-
ceeded a part of the way into this narrow
space he discovered the headlight of a passen-
ger train approaching from the north. He
states that at that time he could not go back
or forward. When the train was within
about 50 or 75 feet of him the engine began
to emit a large volume of steam and he got
down from his wagon for the purpose of
holding the animal nearest to the train, fear-
ing that it would become frightened by the
steam; that put him within about 3 feet of
the railway track. The train passed, still
emitting steam, which burned the side of his
face and injured one of his eyes, causing, as
he claims, great pain and the permanent im-
pairment of the vision of that eye. Witness
could not tell from what portion of the boiler
the steam came, but stated that it was in
such a volume and so dense and hot that it
forced him to abandon his team in order to
get out of danger. He also says the engineer
in charge of the locomotive was looking at
him at the time. This, however, was denied
by the engineer, who testified that he saw no
one at that place as his train passed through
Celeste on that occasion. He also denied
that he permitted his engine to emit any
steam at that time or place.

[1] Among other defenses pleaded by the
appellant was contributory negligence on the
part of the appellee in driving his team be-
tween the main line and the platform. It
was alleged that other places had been pro-
vided for unloading lumber at the depot, and
that the appellee knew that the train would
soon pass over that line. The court submit-
ted the issue of contributory negligence in
the following portion of his general charge:

"It was the duty of the plaintiff upon the oc-
casion in question to exercise ordinary care
for his own safety, and a failure upon his part
to do so would be contributory negligence.
Contributory negligence as used in this charge
means some negligent act upon the part of the
plaintiff which, combining or concurring with
the negligence, if any, of the defendant, proxi-
mately caused or contributed to the injury
complained of.

"Now, bearing in mind the instruction in the
preceding paragraph as to contributory negli-
gence, if you believe from the evidence that
the plaintiff could have caused his wagon to
have been driven to some other portion of the
platform further from the track, and that caus-
ing or permitting the same to be driven in the
position it was in was negligence, and that
such negligence on his part caused or contribut-
ed to the injuries, if any, sustained by the
plaintiff, you will find for the defendant."

⚖═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appellant complains of the refusal of the court to give two special charges requested by it upon that issue. Counsel for the appellee insists that the evidence did not raise an issue of contributory negligence; and we think there is much force in the argument. If the testimony of the appellee be true, the jury was fully warranted in finding that the appellant's employés in charge of the engine on that occasion were guilty of negligence in causing the emission of an excessive volume of steam. The only danger, according to the record in this case, to which the appellee exposed himself by driving between the platform and the railway track was that resulting from the unnecessary escape of steam from the passing locomotive. Both he and his team were beyond danger of collision, and he testified without contradiction that his team was gentle and would not have been frightened by the ordinary passage of a train.

The principal question, then, before the jury was, not whether the act of letting off steam at that time or place was negligence, but whether any such deed was committed. It was not disputed that if the engineer was guilty of letting off steam in the manner testified to by the appellee such conduct was wholly uncalled for by any operative requirement. Appellant's master mechanic, who testified upon the trial, stated that it was contrary to order for steam to be let off at such times and places. Appellee could hardly be charged with contributory negligence unless it could be said that a reasonably prudent man would have anticipated such negligent conduct on the part of the engineer. In any event, we think the charge of the court on contributory negligence was sufficient to cover all defenses upon that issue raised by the evidence.

[2] There was nothing misleading about the definition of proximate cause given by the court in his general charge. The jury were plainly told that—

"If you do not believe from the evidence that the employés of the defendant, St. Louis & San Francisco Railway Company of Texas, caused steam or hot water to escape from its engine upon the occasion in question as alleged by the plaintiff, and that the same was negligence, and that such negligence, if any, was the proximate cause of the injuries, if any, to the plaintiff, you will find for the defendant."

If the plaintiff was injured in the manner alleged, and that was the issue, there can be no room for doubt as to what was the proximate cause of his injury.

[3] Appellant complains of the refusal of the court to sustain its challenge of the juror Branche for cause. The bill of exception shows that Branche, in reply to questions propounded to him on his voir dire, answered that it had been for a long time a large part of his business to help plaintiffs in suits against railway companies for personal injuries, in making claims therefor and in preparing such claims for suits and in managing such claims of plaintiffs against railroads; that there was at that time a suit pending in the district court of Hunt county, and which he was expecting would be tried at the current term of the court, in which he was so interested and in which the attorneys for plaintiff in this case were the plaintiff's attorneys. He further said he had no interest in this case, and that he believed he could hear and decide the case fairly and impartially, and that in trying this case he would not be influenced by the interest which he had in other cases, or which he had heretofore had in other cases. Upon these answers the appellant challenged the juror for cause, upon the ground that it appeared he would not and could not be a fair and impartial juror. The objection to the juror was overruled by the court, and his name left on the list furnished to the parties for peremptory challenge. Branche was thereafter challenged peremptorily by the appellant. The appellant complains that when the court overruled its challenge of Branche it was forced to challenge him peremptorily and to accept other jurors who were unsatisfactory to it. The court thus qualifies the appellant's bill:

"While it is true that defendant exhausted its peremptory challenges, no statement was made that defendant desired to challenge other jurors, or that it was forced to take any juror that was objectionable to it. Nothing of this kind was called to the attention of the court. The challenge to the juror Branche was passed on when made during voir dire examination of jurors by counsel."

The juror was not disqualified, unless it can be said that his answers conclusively show that he was biased in favor of the plaintiff in the suit. While his statements regarding his business are such as to show probable bias in favor of plaintiffs generally in damage suits against railroads, we are not prepared to say that his further statements that he was unbiased in this controversy should have been disregarded by the court. Ellis v. Brooks, 101 Tex. 591, 102 S. W. 94, 103 S. W. 1196. The record does not show that the juror was interested in any suit against the appellant.

The assignment objecting to the charge of the court on the measure of damages, upon the ground that it permitted a recovery for conditions not pleaded, is not sustained by the record. The charge did not exceed the limits of the facts alleged.

[4] We think the evidence, though conflicting, is sufficient to support the verdict, both as to the fact of injury and its extent.

The judgment will be affirmed.