**SALADINER v. POLANCO et al.**

No. 9222.

Court of Civil Appeals of Texas. Austin.

Feb. 18, 1942.

See, also, 147 S.W.2d 265; 160 S.W.2d 531.

Coleman Gay and Ewell H. Muse, Jr., both of Austin, for appellant.

Polk Shelton, Chas. F. Herring, Looney & Clark, and Everett L. Looney, all of Austin, for appellees.

538

BAUGH, Justice.

Appeal is from a judgment of the District Court, after trial to a jury, overruling appellant's plea of privilege to be sued in Brazos County, Texas. This is the second appeal on the venue issue. See Saladiner v. Polanco, 147 S.W.2d 265. The history of the case is as follows:

Polanco, for himself and as next friend of his minor children, sued Saladiner for damages for the death of his wife resulting from a truck collision between one in which the deceased wife was riding and one owned by Saladiner and driven by his employee, on a highway in Travis County in August, 1939. Venue in Travis County was predicated upon allegations of a crime or trespass under Subd. 9 of Art. 1995, R.C.S. 1925. Saladiner filed his plea of privilege to be sued in Brazos County, which was controverted, a hearing had, the plea overruled, and appeal taken. On that appeal we reversed the trial court's judgment on the ground that the controverting plea was insufficient. Saladiner v. Polanco, supra.

Meantime trial was had on the merits, judgment on a jury verdict rendered for plaintiffs, and appeal taken by Saladiner from that judgment, which appeal is now pending in this court. After reversal by his court of the first judgment on the venue issue, and while the appeal from the judgment on the merits was pending in this court, the venue issue was again tried, the second trial thereof being to a jury, and upon the jury answers to special issues, the trial court again overruled Saladiner's plea of privilege, from which judgment this appeal is prosecuted.

Appellant's first contention is that because of the facts above stated the trial court was without jurisdiction to again hear and determine the plea of privilege because it had then lost jurisdiction, through appeal to this court, of the case on its merits.

■ This question seems never to have been determined by the courts of this State. The general rule that an appeal terminates the authority of the lower court to enter any order which would invade the jurisdiction of the appellate court is well settled. 3 Tex.Jur., § 262, p. 369. But it is also true that a venue issue, where properly raised, is tried separately from the merits of the suit, a separate appeal therefrom authorized, and when such plea is overruled; though appealed from, trial on the

merits may be had while such appeal from the venue hearing is pending. Art. 2008, R.C.S.; Allen v. Woodward, 111 Tex. 457, 239 S.W. 602, 22 A.L.R. 1253; Newlin v. Smith, 136 Tex. 260, 150 S.W.2d 233. Appeals from the venue hearing and from a trial on the merits may both be pending in the appellate court at the same time. If, on appeal, it is determined that venue did not lie where the suit was filed, and that the defendant was entitled to have the case transferred to the county of his residence, then a reversal of the judgment on the merits follows as a matter of course. State Board of Registration for Professional Engineers v. Hatter, Tex.Civ.App., 139 S.W.2d 171; Saulsbury v. Atlas Supply Co., Tex.Civ.App., 144 S.W.2d 930. In these cases, however, the appellate courts themselves determined that venue facts necessary to retain venue where the suit was filed were not shown, and not only reversed the judgment of the lower court, but in effect itself rendered judgment ordering the case transferred to the proper forum. No such case is here presented. Our former judgment reversing the original action of the trial court on the plea of privilege, was not for lack of proof of venue facts, but for insufficient pleading of such facts. Sufficient venue facts to sustain the trial court's order were shown. In the instant case those pleadings were shown to have been amended to meet the only grounds on which our former reversal was based. The appellant did not, in that appeal, nor does he here, contend that either under the pleadings or the proof, he is entitled to have his plea sustained. If his contention be sustained, then it must follow that both this appeal, and the appeal from the judgment on the merits, be reversed and that both cases be tried over again from the beginning; notwithstanding the correctness of the trial court's determination that venue of the suit properly lies in Travis County.

■ If the trial court had taken the view here contended for by appellant and declined, so long as the appeal from the judgment on the merits was pending, to hear and determine the venue issue under our former reversal, we think this court could have required the trial court to do so before considering the appeal from the judgment on the merits, since the need for a review of the appeal on the merits depends upon whether venue properly lies in Travis County. Ellis v. Brooks, 101 Tex. 591, 102 S.W. 94; Rule 62a carried into Rule No.

434, Texas Rules Civil Procedure. The fundamental issue is that of proper venue, and whether that issue has been properly determined by the trial court; not as to whether it was determined in proper sequence. When we remanded the venue question, triable separately, to the trial court for a further hearing thereon, without determining the issue ourselves, such remand invested the trial court with power and jurisdiction to again hear and determine that question, regardless of the then status of the case on the merits, while in that court or on appeal. His redetermination of the venue issue under a remand of that issue for that purpose is, we conceive, no more of an invasion of our jurisdiction over the appeal from the judgment on the merits, than would a trial on the merits be an invasion of our jurisdiction over an appeal from a judgment on the venue issue then pending in this court. Yet the statute clearly authorizes such trial on the merits while such an appeal on the venue issue is still pending.

Nor does the fact that the trial court, had it determined on the second hearing that proper venue lies in Brazos County, could not transfer the suit to that county because it had lost jurisdiction by appeal over the merits, present an insurmountable obstacle. Had it so determined, such determination would have been subject to review again on appeal, as this appeal demonstrates. And if, on appeal, such judgment be sustained, the appellate court could, as was done in the cases above cited, have reversed the judgment on the merits, without considering the issues therein presented, so that a transfer to the proper forum could be effectuated. Such a course would be no different in principle from that followed where on appeal the appellate court itself determines that proper venue lies in a county other than where suit was filed.

▆ The next contention made is that the trial court erred in refusing to submit to the jury the requested issue of unavoidable accident, on the ground that the evidence raised it. While that is primarily a defense on the merits, the plaintiff having predicated venue on a trespass under Subd. 9 of Art. 1995, R.C.S., under the holding in Compton v. Elliot, 126 Tex. 232, 88 S.W.2d 91, the burden, as against the plea of privilege, was upon him to prove, as necessary venue facts, the commission of such crime or trespass where alleged; even though

such burden require that issue to be twice tried. And, further, that on the venue issue these facts are to be tried and reviewed as in any other case.

▆ That being true, if the evidence raised the issue of unavoidable accident, which, if found would negative a trespass committed by the defendant, an essential venue fact, the defendant was entitled to have such issue submitted to the jury; unless the same facts on which the issue of unavoidable accident is predicated also constituted an independent intervening cause, which latter issue was submitted to the jury and found against appellant. Unavoidable accident is one occurring without the negligence of either party. In a trial on the venue issue, liability of the defendant for damages is not the inquiry. Whether the defendant has a defense of contributory negligence of the plaintiff, or a new and intervening cause occasioned by some unforeseeable event, or the negligence of someone else, are matters of defense to the merits and are not evidence as to whether or not the defendant, regardless of such facts, has committed an active trespass. If, as the jury found on ample evidence to sustain such findings, appellant's driver was driving at an unlawful rate of speed and undertook to pass the truck in which the deceased was riding on its right-hand side, he was clearly guilty of a trespass, no matter what his reasons for so doing, nor what defenses he might have against liability for damages. And whether he committed such trespass in Travis County was the extent of the inquiry necessary on the venue hearing. It clearly appears, we think, that the facts and circumstances relied upon by appellant as raising the issue of unavoidable accident were either evidence of negligence of the driver of the truck in which deceased was riding, or of an independent intervening cause. The one would be no evidence negativing a trespass on appellant's part; and the other, as an independent intervening cause, was submitted to the jury and found against him. It was not proper to again submit an issue of unavoidable accident predicated upon the same facts and circumstances. Dallas Railway & Terminal Co. v. Little, Tex.Civ.App., 109 S.W.2d 289; Brandon v. Schroeder, Tex.Civ.App., 149 S.W.2d 140; 41 Tex.Jur., § 246, p. 1052.

Finding no error the judgment of the trial court is affirmed.