### RAMSEUR v. HUDSON et ux.
### No. 9532.

Court of Civil Appeals of Texas. Austin.

Nov. 14, 1945.

White, Taylor & Chandler, Ike D. White, Q. C. Taylor, and H. Grady Chandler, all of Austin, for appellant.

W. K. McClain and W. H. Nunn, both of Georgetown, for appellees.

BAUGH, Justice.

Appeal is from an order of the trial court overruling appellant's plea of privilege to be sued in Hays County, the county of his residence. The suit in Williamson County was for damages growing out of the death of appellees' minor son, Cecil Wilbur Hudson, as the result of being run over by appellant's automobile while being driven by him on a highway near Round Rock in Williamson County. The venue trial was to the court without a jury. The alleged grounds of venue in Williamson County were under Sec. 9 of Art. 1995, R.C.S. That is, that of a crime, offense, or trespass committed in Williamson County, in that at the time of the collision, appellant was driving his car (1) in excess of 60 miles per hour; and (2) at such a rate of speed as to endanger the lives of others on said highway. If either of these allegations were established by competent proof, appellant was guilty of a trespass within the purview of Sec. 9 of Art. 1995. Martin v. Cable, Tex.Civ.App., 140 S.W.2d 894, and

cases therein cited; Stovall v. Whatley, Tex.Civ.App., 183 S.W.2d 672.

In response to appellant's request, the trial court filed findings of facts and conclusions of law, wherein the only venue fact found by him was that appellant was driving his automobile at the time of the accident at a rate of speed in excess of 60 miles per hour; that same was negligence, and proximately caused the death of Cecil Wilbur Hudson.

The sole contention made by appellant is that the evidence is insufficient to support this finding.

It is unnecessary to discuss at length the rules of law applicable to trials of venue issues arising under Sec. 9 of Art. 1995. In so far as venue facts are concerned, the same rules apply as if the trial were on the merits on the same issues. Compton v. Elliott, 126 Texas 232, 88 S.W. 2d 91; Saladiner v. Polanco, Tex.Civ.App., 160 S.W.2d 537. That is, the burden, as against a plea of privilege, rests upon the plaintiff to plead and to prove by a preponderance of the evidence, the venue facts alleged; and upon appeal, fact findings of the trial court will be reviewed under the same rules applicable to an appeal from a trial on the merits. Only the evidence in support of the findings and the judgment need, therefore, be considered.

On this issue the record discloses, in substance, the following: Appellant testified that immediately prior to the accident he was driving at a speed of from 50 to 55 miles per hour. As soon as he saw the boy running across the road from the left back of the school bus from which he had alighted, he immediately applied his brakes, which were in good working order, and they became effective about the time the car struck the boy. The left rear wheel locked and skidded until his car stopped diagonally across the paved portion of the highway. Subsequent measurement showed this skid mark to be 176 feet in length. The pavement at this point was of concrete and 27 feet in width. The highway ran east-west. While the proof does not definitely so disclose, the photographs in evidence indicate that the highway at this point was approximately level. The accident occurred in the afternoon of a clear day on May 1, 1945, and the road was dry. Appellant's car was a 1939 model two-door Plymouth sedan.

Witness Warner testified that he was sitting in a swing in the front yard of his home, located about 150 feet north of the highway, and some 400 to 450 yards from the place of the accident. That he saw both the boy running across the road and the approaching automobile immediately before and at the time of the accident. That he had driven automobiles for about 25 years and was familiar with their speed. That he observed the speed of appellant's car for about 150 feet prior to the time it struck the deceased; and that in his opinion it was traveling at from 60 to 65 miles an hour. This witness' testimony is particularly attacked by appellant as having no probative value because of his distance from the car, the angle of its approach, intervening obstructions, and the limited time and space for observation of its speed. These matters, however persuasive, only go to the credibility of the witness and the weight of his testimony, a matter for the consideration of the trial court. Were his testimony the only evidence as to speed, it would probably be insufficient to meet the burden of proof. However, the Constable made a stop test in his own car, a 1940 model Ford two-door sedan, at the same point, traveling at the rate of 62 miles per hour, and brought it to a stop without skidding in 135 feet after he applied his brakes; and stated that in his opinion appellant's car, driven at 60 miles per hour could have been stopped, after its brakes were applied, within 140 feet.

Of necessity, under the circumstances, the speed of the car could be arrived at only by opinion and circumstantial evidence; and the foregoing testimony, facts and circumstances were, we think, sufficient to sustain the findings of the trial court. This conclusion makes it unnecessary to consider and discuss appellees' contention that the evidence clearly shows that appellant was driving his car, whether in violation of law as to speed or not, at such a rate of speed under the circumstances as to endanger the lives of others upon the highway.

For the reason stated the judgment of the trial court is affirmed.

Affirmed.