INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY v. W. M. OWENS.

Decided December 8, 1909.

**1.—Bill of Exceptions—Objectionable Juror.**

An assignment of error based upon the refusal of the trial court to sustain a challenge for cause to a juror, can not be sustained when the bill of exception fails to show that by reason of the action of the court any juror objectionable to the appellant, sat on the jury.

**2.—Evidence—Negligence—Proximate Cause.**

In an action by a brakeman against a railroad company for damages for personal injuries caused by a collision of loose cars, evidence considered and held sufficient to support a finding that the negligence of the defendant was the proximate cause of the injuries, and that the plaintiff did not assume the risk of injury.

Vol. LVIII Civil—12.

**3.—Motion for New Trial—Assignment of Error.**

When a motion for new trial did not state as a ground therefor that the verdict should be set aside because the evidence showed that the plaintiff assumed the risk of injury or was guilty of contributory negligence, it is doubtful whether appellant would have the right to assign such matter either directly or indirectly on appeal.

Appeal from the District Court of Bexar County. Tried below before Hon. A. W. Seeligson.

*King & Morris* and *Hicks & Hicks,* for appellant.—Where a switchman sees loose cars approaching his train and has ample time to get out of the way and get into a position of safety, but fails to do so and takes a position upon the handholds upon the top of the car immediately at the point where the loose cars must strike his train, and continues there after seeing cars move slowly toward his train, he assumes the risk incident thereto, and can not recover for any injuries resulting to him by being knocked off the car by the concussion when the loose cars coupled on to his train. Crawford v. Houston & T. C. Ry. Co.. 89 Texas, 91; Texas Central Ry. Co. v. Lyons, 34 S. W., 364; Texas, S. V. & N. W. Ry. Co. v. Peden, 32 Texas Civ. App., 315.

JAMES, CHIEF JUSTICE.—Appellee Owens sued for damages for personal injuries which he alleged he received while in the service of the railway company as a switchman in the yards in San Antonio. He alleged that his duties at the time were to aid in switching trains and cars, which included riding on trains and cars being switched, and give signals to the engineers; that on this occasion, while on a box car at the rear end of a train being switched, a number of loose or detached cars in motion ran into the rear of the train upon which he was working, and knocked him off the car, seriously injuring him. The sum and substance of plaintiff's allegation is that defendant was negligent in permitting the said coupler to become old, defective and broken, whereby the train became uncoupled; also that defendant's servant on the detached cars failed to apply the brakes; also in that the brakes thereon were old, worn, broken and out of repair to such an extent that they could not be operated and the cars stopped by the use thereof; each and all of which acts of negligence directly and proximately caused plaintiff his injury. Defendant answered by general denial, contributory negligence and assumed risk. Plaintiff was awarded $5000.

By appellant's first assignment a question is presented as to error in overruling appellant's objection to the juror Collins. The bill is as follows:

"Be it remembered, That upon the trial of the above styled cause one Collins was one of the regular jurors who qualified as a member of the jury on their *voir dire* as a member of the regular jury panel for the week; that upon examination of said juror Collins by counsel for defendant, it was developed that there was an affidavit pending in the County Court of Bexar County, Texas, charging said Collins with theft under $50, and that the case had not yet come to trial and

was still pending, and that one of the counsel of record for plaintiff and who was actively engaged in the trial of the case at bar, was the county attorney of Bexar County, Texas, charged with the duty of prosecuting said Collins on said charge.

"Thereupon counsel for defendant challenged said Collins for cause on the ground that the law required jurors to be of good, moral character and because of the facts above set out and the effect it might have upon said Collins in considering the verdict in this case under the circumstances, which objection was by the court overruled; to which action of the court the defendant then and there excepted.

"That thereafter, and after the parties had retired to make their peremptory challenges to the array of jurors, counsel for defendant notified the court that they would have to challenge Collins peremptorily unless he was excused by the court, and that such challenge would exhaust their peremptory challenges and that they desired to challenge two more jurors peremptorily, and renewed their challenge for cause of juror Collins, which challenge was again overruled by the court and defendant required and did peremptorily challenge juror Collins; and defendant again excepted, and here and now presents this its bill of exception No. 1 to the action of the court and asks that same be allowed, filed and made a part of the record in this case, which is accordingly done, this, the 10th day of February, 1909."

No error is shown to have been committed by the ruling. The bill does not show that either of the two jurors, for one of whom appellants desired to save its remaining peremptory challenge, served on the jury. Granting that plaintiff had one challenge left and was desirous of using it upon one other of the panel, still as Collins did not serve on the jury, and there is nothing to show that either of the other two served, enough does not appear from the bill to show that appellant was prejudiced by the ruling. For all we know the other two may have been stricken by the plaintiff.

Under appellant's second assignment there are two propositions, referring to the refusal of a peremptory instruction. The first proposition is: "In order for plaintiff to recover it must appear, among other things, that the alleged negligence was the proximate cause of the injury to the plaintiff, whatever that may have been." We find testimony which supports the following conclusion of fact: That. the cars became detached from a train by reason of a defective coupler; that they came with considerable speed down towards where plaintiff was engaged; that their approach was discovered, and plaintiff was assigned the duty of getting upon the rear end of the train which was in the way of the approaching cars, and of signaling the engineer on the other end of that train to move it forward in order to avoid being run into by the loose cars. That whilst so engaged with his back to the approaching cars the car he was upon was struck by the loose train with sufficient force to knock him down to the ground, causing him his injury. The cause or causes of this collision are found to be in the inability of those who got upon the moving cars to check or stop them, to do so, from the fact that the brakes were defective and insufficient for the purpose. If the above proposi-

tion means that there was no evidence that any negligence of defendant was the proximate cause of the accident, we must overrule it. And the proposition does not extend any further.

The second proposition is: "Where a switchman sees loose cars approaching his train and has ample time to get out of the way and get into a position of safety, but fails to do so and takes a position upon the handholds upon the top of the car immediately at the point where the loose cars must strike his train, and continues there after seeing cars move slowly towards his train, he assumes the risk incident thereto, and can not recover for any injuries resulting to him by being knocked off the car by the concussion when the loose cars coupled on to his train."

Appellee, of course, knew of the approach of the cars, for he was in the act of endeavoring to get the train he was on out of its way. He knew, of course, that his train was liable to be run into by the cars, and this he and the others were working to avoid. But that he knew or realized that there was a present danger of a collision, or one sufficient to produce the result it did, does not appear. On the contrary, he did not know that the brakes on the loose string of cars would not work properly; and he, of course, had the right to assume and to act upon the assumption that they were capable of stopping or adequately checking the cars in the usual way. His duty lay in front of him, giving signals ahead to cause the engineer to keep moving. He was obeying the order to "get out of the way," which meant to get the train out of the way, and this he seems to have been intent on. His back was towards the coming cars when they struck.

In the circumstances of this case there was no assumed risk, nor of contributory negligence, as matters of law, the latter being alleged in a third proposition. The judge probably considered these issues as really not in the case, and did not submit them. But it is enough for us to say that such defenses did not appear as matters of law.

Besides this (although we place the decision on the foregoing grounds) the assignment under which these matters are briefed and presented is simply that the court refused a peremptory instruction, which was in general terms. Now, it seems to be settled that such points as that the evidence does not support the verdict, can not be assigned as error when such point has not been raised in the motion for new trial. (Ellis v. Brooks, 101 Texas, 591.) The motion for new trial did not state as a ground that the verdict should be set aside because the evidence showed that plaintiff assumed the risk, or was guilty of contributory negligence. We doubt that appellant would have the right to assign such a matter as error directly, for the reason just given, and we therefore doubt that it can reach the same result indirectly by presenting the same in connection with an assignment which charges error in refusing a peremptory instruction. Judgment affirmed.

*Affirmed.*

Writ of error refused.