BUCKINGHAM v. THOMPSON.†

(Court of Civil Appeals of Texas. San Antonio. April 17, 1912. Rehearing Denied May 15, 1912.)

1. FRAUD (§ 59*)—REMEDIES OF PURCHASER —MISREPRESENTATIONS — MEASURE OF DAMAGES.

Where one is induced by misrepresentations to purchase land, and enters into possession and improves it, the measure of his damages, the land being subsequently restored to the vendor, is the amount of his cash payment with interest, and the reasonable value of the improvements made, and is not the difference between the amount of his cash payment and expenditure for improvements and the value of that which he received under the contract of sale.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 60–62, 64; Dec. Dig. § 59.*]

2. APPEAL AND ERROR (§ 291*)—PRESENTATION BELOW—MOTION FOR NEW TRIAL—REFUSAL OF DIRECTED VERDICT.

Alleged error in refusing to direct a verdict for the plaintiff, where the request was based upon the insufficiency of the evidence to sustain a recovery by the defendant, was not reviewable when not presented below by the plaintiff by motion for new trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1707–1712, 1724–1726; Dec. Dig. § 291.*]

Appeal from District Court, Zavalla County; R. H. Burney, Judge.

Action by E. J. Buckingham against John S. Thompson. From a judgment for defendant, plaintiff appeals. Affirmed.

Mason Williams, of San Antonio, Geo. C. Herman, of Batesville, M. L. Harkey, of Crystal City, and W. H. Lipscomb, of San Antonio, for appellant. Albert S. Phelps, of Austin, Stirling T. Phelps, of Pearsall, and Percy Faison, of Batesville, for appellee.

JAMES, C. J. This is the second appeal in this cause. The opinion of this court upon the former appeal is found in Buckingham v. Thompson, 135 S. W. 652, which disclosed fully the nature of the cause. The judgment appealed from was in favor of defendant Thompson upon the verdict of a jury. Plaintiff took an appeal without making a motion for new trial.

[1] His assignment of error is: "The court erred in overruling and in not sustaining plaintiff's motion to instruct the jury to return a verdict in favor of plaintiff and against the defendant John S. Thompson (on the latter's cross-action)." His proposition is: "Defendant's measure of damages, if any, was the difference in value between what he parted with, $900 in cash, and $270 expended for improvements, and what he received; i. e., the contract of sale, or an inchoate equitable title to the land." The brief states in support of the proposition that defendant failed to make any proof of the value of said contract of sale or inchoate title. Plaintiff alleged a contract of sale of the land and its terms, which provided that, if defendant failed or refused to pay any of the deferred payments specified in the contract, the contract should be null and void. Plaintiff sued for the land, and prayed for judgment for the possession of the property, upon the theory that the contract had become null and void. Defendant pleaded a cross-action for damages for fraud and misrepresentation inducing the making of the contract by him, and prayed for a rescission of the contract and for his damages.

The court charged the jury to return a verdict for plaintiff for the land, and submitted to the jury the matter of the cross-action, instructing them, if they found for defendant on his cross-action, to assess his damages at such an amount as would embrace his cash payment with interest, and the reasonable value of improvements, if any, defendant had placed upon the land, not to exceed a certain sum. The measure of damages contended for by appellant was clearly not applicable.

[2] We are, furthermore, of opinion that the plaintiff, having failed to present this matter to the trial court in a motion for new trial, cannot, directly or indirectly, raise it on appeal. It relates to the want of evidence necessary to sustain a recovery by defendant. City of San Antonio v. Ashton, 135 S. W. 759; Ellis v. Brooks, 101 Tex. 591, 102 S. W. 94, 103 S. W. 1196; Railway v. Owens, 124 S. W. 210; Railway v. Miller, 124 S. W. 109.

Judgment affirmed.