SAN ANTONIO TRACTION CO. v. EMERSON et al.

(Court of Civil Appeals of Texas. San Antonio. Dec. 4, 1912. On Motion for Rehearing, Jan. 8, 1913.)

1. APPEAL AND ERROR (§ 750*)—QUESTIONS REVIEWABLE—ASSIGNMENTS OF ERROR—MOTION FOR NEW TRIAL.

Under court rule 24 (142 S. W. xii), requiring an assignment of error to distinctly specify the grounds of error relied on, and distinctly set forth in the motion for new trial, an assignment of error predicated on the refusal to give a peremptory charge for defendant will not be considered as raising the question of the insufficiency of the evidence in a respect not called to the attention of the trial court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3074–3083; Dec. Dig. § 750.*]

2. NEW TRIAL (§ 128*)—MOTION—SPECIFICATIONS—SUFFICIENCY.

A statement in a motion for new trial that the court erred in not giving a peremptory instruction to find for a party, without specifying the grounds therefor, is insufficient under district court rule 67 (142 S. W. xxii), providing that each ground of motion for new trial must refer to the part of the ruling complained of, so that the point of objection can be identified and understood.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 257–262; Dec. Dig. § 128.*]

3. NEGLIGENCE (§ 121*)—ACTS CONSTITUTING—OBLIGATIONS INCURRED.

Where an act is done which creates or increases a condition of danger, the duty of the person creating the condition to take necessary steps to guard the public from the danger will be presumed.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 217–220, 224–228, 271; Dec. Dig. § 121.*]

4. STREET RAILROADS (§ 117*)—DEFECTS IN STREETS—LIABILITY—QUESTION FOR JURY.

Where, in an action for injuries to a pedestrian stepping into a hole in the street alongside a street car rail, there was evidence that the street car company was repairing its track in the vicinity, and there was evidence justifying an inference that the hole had been cleaned and ready for repair, and there was also evidence that the company had opened up a hole in its track, rendering it thereby dangerous, and had left it unguarded, the negligence of the company was a question for the jury, which could draw any rational deductions from the facts proved.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 239–257; Dec. Dig. § 117.*]

5. TRIAL (§ 191*)—INSTRUCTIONS — ASSUMPTION OF FACTS.

An instruction in an action for injuries to a pedestrian caused by stepping into a hole in a street alongside a street car track that if the hole, if any, was within 12 inches of the car rail, and if the hole, if any, was unguarded, and if it was the duty of the street railway company to maintain the street paving in good repair at the point where the hole was, and if the company was negligent in permitting the hole, if any, to remain in the pavement, and such negligence directly caused the injuries, the verdict must be for the pedestrian, requires the jury to find whether the hole was left unguarded, and permits a recovery only on finding it was negligence to permit the hole to remain in the street, and is not objectionable as assuming that the hole was unguarded, and that it was negligence to permit the hole to remain unguarded.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 420–431, 435; Dec. Dig. § 191.*]

6. DAMAGES (§ 132*)—PERSONAL INJURIES—EXCESSIVE DAMAGES.

Where a girl 14 years old sustained personal injuries negligently inflicted, and in consequence thereof became a mental and physical wreck, a verdict for $15,000 was not excessive.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 178, 372–385, 396; Dec. Dig. § 132.*]

7. DAMAGES (§ 133*)—INJURIES TO CHILD—EXCESSIVE DAMAGES TO PARENT.

Where a girl 14 years old sustained a negligent personal injury, causing her to become a mental and physical wreck, and her mother, earning $13 per week at the time of the accident, was obliged to devote more than half her time to the care of the girl, whose injuries were permanent and progressive, so that she would continue to be an increased care, and the girl at the time of the injury earned $3.50 per week, a verdict in favor of the mother for $3,000 was not excessive.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 368, 369, 386–395; Dec. Dig. § 133.*]

8. DAMAGES (§ 168*)—PERSONAL INJURIES—EVIDENCE—SUFFICIENCY.

In an action for injuries to a pedestrian stepping into a hole in the street alongside a street car track, evidence *held* to justify a finding that the injuries affected plaintiff's mind, and rendered her a mental wreck.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 480, 482–486; Dec. Dig. § 168.*]

On Motion for Rehearing.

9. APPEAL AND ERROR (§ 301*)—ASSIGNMENTS OF ERROR—REQUISITES.

Court of Civil Appeals rule 24 (142 S. W. xii), providing that the assignments of error shall distinctly specify the grounds of error relied on, and distinctly set forth in the motion for new trial, and district court rule 67 (142 S. W. xxii), providing that each ground of a motion for new trial shall refer to the part of the ruling complained of, so that the point of objection can be identified and understood, require appellant to present to the trial court in the motion for new trial the point which he intends to assign as error in the court on appeal, and in such language that it may be identified and understood, and assignments

---

of error not distinctly set forth in the motion for new trial must be ignored.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1743, 1753–1755; Dec. Dig. § 301.*]

10. APPEAL AND ERROR. (§ 742*) — ASSIGNMENTS OF ERROR—PROPOSITIONS.

The propositions under assignments of error are a necessary part of the point for consideration, unless the assignment itself presents but one point of law, and is in form of a proposition, and assignments not so prepared will be ignored.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

11. APPEAL AND ERROR (§ 1002*)—VERDICT—CONCLUSIVENESS.

A verdict on conflicting evidence, on which the minds of men of ordinary judgment may honestly differ, will not be disturbed on appeal, though the court on appeal may disregard a verdict when manifestly wrong.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. § 1002.*]

Appeal from District Court, Bexar County; A. W. Seeligson, Judge.

Consolidated actions by Sophia Hallinan Emerson and Minnie Hallinan against the San Antonio Traction Company. From judgments for plaintiffs, defendant appeals. Affirmed.

Templeton, Brooks, Napier & Ogden, of San Antonio, for appellant. Bertrand, Arnold & Carl, of San Antonio, for appellees.

TALIAFERRO, J. In separate actions Sophia Hallinan Emerson and Minnie Hallinan, her daughter, and a minor, sued the San Antonio Traction Company. The consolidation of those two actions constitute this case. The city of San Antonio and the Parker-Washington Company were originally sued, but upon the pleadings, as finally presented at the trial, they were not parties.

The plaintiffs sought to recover damages for personal injuries sustained by Minnie Hallinan, alleging that she fell and was injured by reason of having stepped into a hole left by defendant in East Commerce street, in the city of San Antonio, Tex., which it was the duty of defendant to keep in repair and which it negligently failed to keep in repair. Plaintiffs complained that the defendant was negligent in permitting a hole to be and remain in the street, alongside of the street car rail within 12 inches thereof, and in permitting the said rail to be and remain exposed from the top to the bottom, thereby rendering the street more hazardous and dangerous to persons walking along said street. Plaintiffs also pleaded certain ordinances of the city of San Antonio by which they contend that it was made the duty of the defendant traction company (1) to pave the portion of the street between their tracks and 12 inches on the outside of each rail with the same material, and, when same is paved by the city, to keep the same in reasonable repair

and in like condition as the city keeps adjoining street; (2) that the track of defendant railway must conform to the street grade, and that it shall build the same so that no rail or portion of the track shall be elevated more than one-half inch above the street surface; and (3) that in the violation of said ordinance by the defendant railway it is guilty of committing a nuisance.

As the result of defendant's negligence, plaintiffs allege that Minnie Hallinan, a girl of 14 years, while crossing East Commerce street, and while observing due care, stepped into the said hole, and fell, breaking her knee cap and severely wrenching and injuring her hip and spine; that as a result of said injuries she had been subjected to great physical and mental suffering; that she is afflicted with nervous disorders which have caused paralysis of her back, hip, and limbs, and particularly her right leg and foot; that she has lost the power to use her right leg and foot, and that all the injuries complained of are permanent. The defendant answered by general denial, and pleaded that, if the hole existed, the same was open and obvious, and could have been seen by Minnie Hallinan, and that, therefore, she was guilty of negligence which contributed to her injuries. The jury found for plaintiffs and awarded damages, $15,000 to Minnie Hallinan and $3,000 to Sophia Hallinan Emerson.

[1] Appellees' objection to the consideration by this court of appellant's first assignment of error is well taken, and must be sustained. This assignment is predicated upon the refusal of the trial court to give a peremptory charge, as follows: "Gentlemen of the jury, you are instructed to return a verdict for the defendant San Antonio Traction Co." The contention made in the assignment of error is that said instruction should have been given because there was no evidence showing that appellant had notice of the existence of the hole in time by the exercise of ordinary care to have repaired it before the happening of the accident. The question of the insufficiency of the evidence in this respect was not called to the attention of the trial court either under a paragraph complaining of the refusal to give this charge, or under the paragraph complaining that the verdict was unsupported by the evidence. The question of notice is specifically presented for the first time in appellant's assignment of error. Rule 24 of this court (142 S. W. xii), as amended January 24, 1912, reads as follows: "The assignment of error must distinctly specify the grounds of error relied on and distinctly set forth in the motion for a new trial in the cause, and a ground of error not distinctly set forth in a motion for a new trial in the cause and not distinctly specified in reference to that which is shown

in the record, or not specified at all, shall be considered as waived, unless it be so fundamental that the court would act upon it without an assignment of error as mentioned in rule 23." In amending this rule the Supreme Court added that portion which reads as follows: "And distinctly set forth in the motion for a new trial in the cause, and a ground of error not distinctly set forth in a motion for a new trial in the cause." The reason for this addition to the rule is wise and obvious. Every occurrence during the trial of the cause in the lower court that is considered erroneous, or upon which error is to be predicated, should be clearly and specifically presented to the trial judge in the motion for a new trial, so that he may have an opportunity to consider every complaint as it will be made to the higher court and to correct his own errors by granting a new trial. Even prior to the amendment of this rule it was held by this court in City of San Antonio v. Ashton, 135 S. W. 759, Chief Justice James rendering the opinion: "The seventh assignment is that the court erred in refusing to instruct the jury to return the verdict for the defendant. Under this, we have the proposition that plaintiff failed to prove that notice was given as required by section 46 of the charter, and we find, as stated by appellant, that the statement of facts fails to disclose any testimony on that subject. We overrule the assignment upon the authority of Ellis v. Brooks, 101 Tex. 591, 102 S. W. 96, 103 S. W. 1196, and I. & G. N. R. R. Co. v. Owens, 124 S. W. 210. The motion for new trial did not raise this question of insufficiency of the evidence to support the verdict, and the above cases hold that such question cannot be raised in this court under an assignment of error complaining of the refusal of a peremptory instruction." See, also, Buckingham v. Thompson, 147 S. W. 290.

[2] Nor is complaint in the motion for a new trial that the court erred in not giving a peremptory instruction to find for one party or the other without the specific grounds for such contention, a compliance with rule 67 of district courts (142 S. W. xxii). Such a statement cannot convey any intelligent impression to the court nor enable him to determine whether or not error has in fact been committed.

For reasons above stated, appellant's first assignment of error will not be considered.

[3, 4] In its second and third assignments of error the appellant contends that its motion for a new trial should have been granted because the undisputed evidence and the preponderance of the evidence show that it was at the time of the injury to Minnie Hallinan repairing its track, and that there is no evidence to show that it was not being repaired in a careful and proper manner. There is evidence in the record that the appellant was repairing its track in the vicini-

ty of the place where the accident occurred, and there is evidence from which the jury might have inferred that the very hole which caused Minnie Hallinan's misfortunes had been cleaned and ready for repair. But the same evidence would with equal force tend to show that the appellant had opened up a hole in its track, rendering it thereby, perhaps, more dangerous and then gone away from the place, leaving the hole open and unguarded. Where an act is done which creates or increases a condition of danger, the duty of the person creating the condition to take necessary steps to guard the public from such danger will be presumed. The jury cannot be held to the words of the evidence, but may draw any rational deductions from the facts proven. The second and third assignments are overruled.

[5] The charge complained of by the appellant's fourth assignment of error is as follows: "If you believe from the evidence that on or about the 28th day of December, 1907, there was a hole in the pavement at or near the intersection of East Commerce street and Water street, in the city of San Antonio; and if you further believe from the evidence that on said date the plaintiff Minnie Hallinan stepped into said hole, if any, and fell as alleged in plaintiff's petition; and if you further believe from the evidence that said Minnie Hallinan was thereby injured as alleged in plaintiff's petition, and if you further believe from the evidence that said hole, if any, was within 12 inches of the car rail of defendant; and if you further believe from the evidence that said hole, if any, was unguarded and unprotected; and if you further believe from the evidence that it was the duty of defendant to maintain said street paving in good repair at the point where said hole was, if there was a hole; and if you further believe from the evidence that defendant was guilty of negligence in permitting said hole, if any, to be and remain in said pavement; and if you further believe from the evidence that such negligence, if any, directly caused the said Minnie Hallinan to be injured as alleged in plaintiff's petition; and if you further believe from the evidence that such injuries, if any, are permanent; and if you further believe from the evidence that said Minnie Hallinan was not guilty of any other contributory negligence—then I charge you that your verdict must be for the plaintiff, Minnie Hallinan." Two propositions are presented under this assignment; the first complaining of the charge because "there was no evidence authorizing the jury to find that it was the duty of appellant to guard and protect the hole," and the second because the charge "assumed as a matter of law that it was the duty of appellant to guard and protect the hole." If this charge had permitted a recovery upon the ground that the hole was left unguarded and unprotected, we think appellant might have had just ground of com-

plaint. Then the charge may have assumed that the failure to guard the hole constituted negligence. The charge required the jury to find as a fact whether or not the hole was left unguarded and unprotected, but permitted a recovery only if the jury found it was negligence to permit the hole to be and remain in the street. We cannot agree with appellant that this charge assumes that it was defendant's duty to guard the hole. The charge certainly did not assume that the hole was unguarded and unprotected; nor did it assume that, if such was found to be the case, it would constitute negligence; nor did it authorize a recovery upon the finding of such facts and thus indirectly assume negligence. We are therefore unable to see how it can be held that the court assumed that it was the duty of appellant to guard and protect the hole. It may be said that it did assume that, if the jury found the hole to have been guarded and protected, then that the plaintiff could not recover. The jury might perhaps have inferred that, if they believed the hole was guarded and protected, they must find for appellant, whatever they might believe as to negligence with reference to its allowing the hole to be and remain in the street. We do not believe the charge is open to the objection made, and the fourth assignment is overruled.

[6] Appellant's fifth, sixth, and seventh assignments of error are submitted together, and presented as propositions. In different language each contends that the verdict in favor of Minnie Hallinan is excessive, and that same is not supported by the evidence. Under the evidence, we cannot say that the verdict of $15,000 for this plaintiff is excessive. It is large, as measured by the usual standards of computation, but the evidence does not reveal the presence of passion or prejudice on the part of the jury, nor does the amount, under the facts, shock the conscience. If the evidence of the witnesses can be credited, and the jury evidently did believe it, the girl is a mental and physical wreck, her future life will be one of mental darkness and physical suffering, and her condition is the direct result of the injury of which she complains. Appellant earnestly contends that from the undisputed evidence it is shown that the condition of her mind could not be the result of the injuries resulting from her fall. But in this it is in error. Dr. Largen testified that in traumatic curvature of the spine the evil effects were likely to be both upward and downward. From this the jury could have reached the conclusion that all the girl's condition resulted from the injuries received in her fall. If this is true, we cannot say that $15,000 was too much to compensate a girl so injured at the age of 14 years as to make her a helpless cripple for life, and affect her mental faculties as described in the evidence. The fifth, sixth, and seventh assignments will therefore be overruled.

[7] The eighth and ninth assignments of error presented as propositions complain of the action of the trial court in overruling their motion for a new trial upon the ground that the verdict in favor of plaintiff Sophia Hallinan Emerson was excessive. We cannot say that $3,000 for the mother of the injured girl was excessive in the light of the evidence. The evidence shows that she was earning $13 per week at the time of Minnie's injuries. She testified that she had devoted more than half her time to the care of the girl since the accident. That Minnie's injuries are permanent and progressive, and that she will continue to be an increasing care, the evidence fully shows. At the time of her injury Minnie was earning $3.50 per week, to which the mother was entitled for seven years, or during the daughter's minority. The mother owed Minnie the corresponding duty of care and attention during her minority. Assuming that $13 per week was the full earning capacity of the mother and $3.50 the full earning capacity of Minnie, a simple calculation will show that the jury did not overestimate the damages justified by the evidence. The eighth and ninth assignments are overruled.

[8] Appellant's tenth, eleventh, twelfth, thirteenth, fourteenth, and fifteenth assignments of error, grouped and presented as propositions, contend that the evidence conclusively shows that the condition of Minnie Hallinan's mind could not have resulted from her injury on Commerce street, because the undisputed evidence shows that the injurious effects of traumatic curvature of the spine are always downward and never upward, and also that no evidence offered upon the trial show the plaintiff's condition was the result of her having stepped into a hole and falling on the right of way of defendant. The first proposition contained in the above—that is, that the evidence does not justify the finding that Minnie Hallinan's mental condition was caused by the said injury—was disposed of in our ruling upon the eighth and ninth assignments of error. That the girl's injuries were the result of her said fall was evidently the conclusion reached by the jury, and we cannot say that such a conclusion had no support of evidence. It was proven that there was a hole in the right of way against the rail of defendant company large enough and deep enough to receive Minnie Hallinan's foot and throw her to the ground; that she stepped in the hole and fell; that her visible injuries were a cut and bruised knee; and that she complained of her back. Expert testimony of physicians who attended her from a period within a few hours of the accident down to the date of the trial gave a history of the progression of the girl's troubles. Dr. Triece stated that he examined her within a few hours of the injury, described the injury to the knee, and said he thought there was a partial dislocation of the lower segment of the spine, and that the back was

bruised. He said there was no curvature of the spine at that time, but that the lower segment of the spine was not in perfect alignment. During 1911 Dr. Triece again examined her, and found a spinal curvature. He also states that he knew Minnie Hallinan before her said injury, and that she seemed normal and strong. Dr. Cunningham testified that in 1908 he, an osteopathic physician, treated Minnie Hallinan. He found a weakened condition of the lower spine. Dr. Kenney testified that he examined the plaintiff, and found an injured knee and a curvature of the spine; that the condition of the spine might have been the result of traumatism or disease, but that he found no evidence of disease. Dr. Largen treated her, and testified to the condition of the spine, and said in his opinion the cause of the condition was traumatic curvature. There was much conflicting evidence as to the condition of Minnie Hallinan before her fall. All this evidence was submitted to the jury, and a verdict was given for plaintiff, and we do not feel that we can disturb the jury's finding. There was evidence from which they could reach the verdict rendered. Therefore the tenth, eleventh, twelfth, thirteenth, fourteenth, and fifteenth assignments are overruled.

The sixteenth assignment of error must be overruled for the reasons stated under assignments of error Nos. 10, 11, 12, 13, 14, and 15. The case is, as stated by appellant's counsel in an able argument upon the facts, a remarkable one. But its sad course did not baffle the wisdom of a jury; and the jury is an institution. The evidence upon material points is conflicting. The jury determined the truth to be with the plaintiffs, and this court must follow the determination of the jury upon evidence that conflicts.

The judgment is affirmed.

On Motion for Rehearing.

[9] Appellant in a very able argument, in its motion for rehearing, contends that this court has erred in its construction of district court rule 67 and rule 24 of this court as amended January 24, 1912. Most of appellant's argument does not reach the point involved, but is based upon the theory that in our opinion we held that the assignment of error as presented to this court was insufficient to entitle it to consideration. Such was not our decision. What we did decide was that under rule 67 of the district court, construed with amended rule 24 of this court, the appellant must have presented to the trial court in its motion for a new trial the very point which it intended to assign as error in this court, and in such language that it would be "clearly identified and understood by the court." The assignments of error, followed by the propositions and statements as they were presented to this court, were clear and comprehensible. From them we could not help but understand the point of appellant's contention. But if the assign-

ment of error had come to us, as the motion for a new trial was presented to the trial court, unsupported by the clear legal propositions and argument in appellant's brief, we do not believe that we would have understood that appellant was complaining because appellee had not affirmatively shown upon the trial that it had notice of the condition of the track in time to have repaired same before the injury. If this matter had been presented to the trial court as clearly and forcefully as it was presented to this court, who can say that a new trial would not have been granted, and this appeal rendered unnecessary? That is the very purpose of rules 67 and 24. District court rule 67 reads as follows: "Each ground of a motion for a new trial or in arrest of judgment shall briefly refer to that part of the ruling of the court, charge given to the jury, or charge refused, admission or rejection of evidence, or other proceedings which are designed to be complained of, in such way as that the point of objection can be clearly identified and understood by the court." The language seems clear and the adoption of that rule could have been for no other purpose than to require every controverted point to be presented to the trial court in the motion for a new trial in such a clear and particular manner as to render it comprehensible to the judge. But, under the indulgent consideration of the courts, this rule was ignored by the bar until the breach, rather than the rule, became the procedure. And, to correct that condition, we have no doubt the Supreme Court adopted the amendment to rule 24 of this court. The amended rule, with the new portion italicized, reads as follows: "The assignment of error must distinctly specify the grounds of error relied on *and distinctly set forth in the motion for a new trial in the cause, and a ground of error not distinctly set forth in a motion for a new trial in the cause,* and not distinctly specified in reference to that which is shown in the record, or not specified at all, shall be considered as waived, unless it be so fundamental that the court would act upon it without an assignment of error as mentioned in rule 23." It will be noted that the only change refers to motions for new trials and requires this court to ignore assignments of error "not distinctly set forth in the motion for a new trial in the cause."

[10] In this court the propositions under assignments of error are a necessary portion of the point for consideration, unless the assignment itself presents but one point of law, and is in form of a proposition. If assignments are not so prepared, this court will ignore the point. Not so in the trial court. The motion for a new trial is presented without such particularity, and there has been a tendency to make them perfunctory proceedings. The policy of the law is to limit and curtail litigation. Appeals are not to be encouraged, and, whenever possible, litigation should end in the trial courts. This we

conceive to have been the purpose of the Supreme Court in passing rules that, if enforced, will prevent an appeal until every opportunity has been given to the trial court to discover and correct its own errors.

[11] Appellant also complains of the refusal of this court to reverse the judgment because it is contrary to the great preponderance of the evidence. It is true as contended that this court has the power to disregard the verdict of a jury where it is "clearly and manifestly wrong." But this power is exercised by this court only in cases which have shown gross wrong, or where the verdict shocks the conscience. Where there is a conflict in the evidence upon which the minds of men of ordinary judgment may honestly differ, this court will not disturb the verdict.

The motion for rehearing is overruled.