CARUTHERS v. LINK et al.

(Court of Civil Appeals of Texas. Austin. Feb. 19, 1913.)

1. VENUE (§ 22*)—JOINDER OF PARTIES—RESIDENCE—ASSIGNMENTS OF CLAIM.

Plaintiff purchased a claim of $192.50 against defendant C., guaranteed by the assignor for $150, and sued both C. and the assignor thereof in the county of the assignor's residence. Plaintiff testified that he purchased the claim because he considered it a good invest-

ment, and also to assist the assignor to have the suit tried in his own county. *Held,* such facts did not show that the purchase was fraudulent to defeat C.'s right to have the case tried in the county of his residence, since if plaintiff purchased in good faith, it was immaterial that he knew that in doing so he was aiding his assignor to have the question tried in the county of the assignor's residence.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 35–37; Dec. Dig. § 22.*]

2. TRIAL (§ 191*)—INSTRUCTIONS—ASSUMED FACTS.

Where, in an action for the price paid for a mule which defendant C. had sold to plaintiff's assignor, it was shown that the mule had the glanders, and had been killed by the county authorities, and was of no value, it was not error for the court in its charge to assume that the mule was worthless.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 420–431, 435; Dec. Dig. § 191.*]

3. APPEAL AND ERROR (§ 291*)—REVIEW—OBJECTIONS NOT RAISED IN MOTION FOR NEW TRIAL.

An objection that the court erred in failing to direct the jury to find in favor of defendant because it was not shown that plaintiff's assignor resided in the precinct where the suit was brought, not made a ground of motion for a new trial as required by Court of Appeals Rule 25 (142 S. W. xii), could not be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1707–1712, 1724–1726; Dec. Dig. § 291.*]

Appeal from Milan County Court; John Watson, Judge.

Action by J. D. Link and others against H. C. Caruthers and another. Judgment for plaintiff, and defendant Caruthers appeals. Affirmed.

U. S. Hearrell, of Cameron, for appellant. Henderson, Kidd & Gillis, of Cameron, and Arthur Cobb, for appellees.

JENKINS, J. [1] 1. This was a suit by J. D. Link against H. C. Caruthers and Arthur Cobb, to recover of Caruthers the value of a mule, sold by said Caruthers to Cobb, and against Cobb on his guaranty of said claim. Caruthers filed plea of privilege to be sued in Bell county, the county of his residence, and alleged conspiracy on the part of Cobb and Link to defeat the jurisdiction in Bell county. Link testified that he bought the claim, $192.50, paying therefor $150 upon Cobb's warranty, that Cobb was solvent, and that he purchased said claim on said guaranty, because he considered it a good investment, and also that in making said purchase he knew that he was assisting Cobb to have the suit tried in Milam county. The court submitted to the jury the issue as to whether said purchase was bona fide, and the jury found in favor of plaintiff. The evidence fully warrants this finding. If Link bought and paid for the claim, and the guaranty was made in good faith, it does not matter that he knew that in doing so he was assisting Cobb in having the question of damages adjudicated in Milam county.

2. The evidence is sufficient to sustain the verdict as to the amount of damages.

[2] 3. The error, if any, in the charge of the court in assuming that the mule was worthless is not material, for the reason that the evidence shows that the mule had the glanders, and was killed by the county authorities, and was of no value. The issue as to whether or not the mule had the glanders at the time of his purchase by Cobb from Caruthers was submitted to the jury, and their finding on this issue was to the effect that said mule was diseased with the glanders at the time of sale.

[3] 4. Appellant assigns error upon the refusal of the court to give a peremptory instruction to the jury to find in favor of appellant. Said assignment is based upon the proposition that the evidence does not show that Cobb lived in Precinct No. 7, Milam county, in which this suit was originally brought. The case was originally tried in said precinct before the justice of the peace, and the issue as to whether or not Cobb lived in said precinct does not appear to have been raised in either that court or the county court. It is a sufficient answer, however, to appellant's assignment as to this matter to say that no such ground was set up in appellant's motion for a new trial. Rule 25 (142 S. W. xii).

Finding no error in the record, the judgment is affirmed.

Affirmed.