Robert R. JAMES, Appellant,

v.

Helen McCARTNEY, Appellee.

No. 4256.

Court of Civil Appeals of Texas.

Waco.

Oct. 8, 1964.

Rehearing Denied Oct. 29, 1964.

————◆————

J. Leonard Gotsdiner, Ranseler O. Wyatt, Houston, for appellant.

Wolfe & Tillman, Houston, for appellee.

WILSON, Justice.

Plaintiff appeals from a take-nothing judgment on a jury verdict. We quote from his statement of the nature of the case: "The suit was filed by appellant to set aside a purported deed" executed by appellant's grandmother to her daughter, the appellee, "on the ground that it was not the intention of" the grantor "to pass title upon execution of the deed." Appellee "took her mother to an attorney's office where she executed a will leaving her property in equal one-fifth portions to her heirs, and at the same time executed a deed to the major portion of said property to appellee; and appellee executed a will leaving all of her property share and share alike" to her mother's other heirs. Ten years later appellant's grandmother executed a codicil to her will in which she devised her homestead to her daughter, specifying "it was not to come out of her one-fifth interest" theretofore devised. "Appellant contended in the trial court that this substantiated the contention that" his grandmother "never intended to convey the property described in the deed." She continued in possession. After her death appellee "filed the will for probate; but did nothing further, never attempting to prove up said will or submit said property to the jurisdiction of the probate court, but rather, adversely claiming all of said property" under the deed.

The only issues submitted or requested resulted in jury findings that the grantor did intend to convey the property to appellee when she signed the deed, and that she did not intend that appellee hold an interest therein for appellant's benefit. There were no objections to the charge. The jury findings are not challenged.

 Appellant's first three points are directed to the court's action in overruling his motion for instructed verdict. There is no assignment in his motion for new trial on which these points may be predicated, and they are not preserved. See Rule 320, Texas Rules of Civil Procedure; Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887, 892; Buckingham v. Thompson, Tex.Civ. App., 147 S.W. 290, writ ref.; San Antonio Traction Co. v. Emerson, Tex.Civ.App., 152 S.W. 468, 470, writ ref.; Caruthers v. Link, Tex.Civ.App., 154 S.W. 330. The first two points relate to intention of the grantor, settled by the jury verdict under contradictory evidence which clearly raised a fact issue. The third point concerns estoppel, elements of which, if raised by the evidence, are certainly not undisputed.

 The fourth point asserts error in admitting testimony of an attorney in answer to a question as to why the application to probate grantor's will was not presented to the probate court. The reason testified to was that all the property had been previously conveyed or transferred. The objection was that the question "calls for a self-serving statement." Aside from the fact that the same inquiry was broached by appellant, the objection was not tenable. 1 McCormick & Ray, Texas Law of Evidence, Sec. 786. The evidence was admissible as explanatory of assailed conduct. 31A C.J.S. Evidence § 163, p. 445, 1 McCormick & Ray, above, Sec. 681. The fifth point complains of admission of evidence in a similar category objected to for like reason. It is overruled for the same reason.

 The final point asserts generally that the court erred in rendering judgment because appellee's evidence "unequivocally reflects she perpetrated a fraud" by influencing her mother to execute the deed to appellee on condition appellee would execute a will devising the property in question to

her mother's heirs. If it may be said this matter was pleaded, no issue referable to it was submitted or requested. It was not conclusively established. It was waived. Rule 279, Texas Rules of Civil Procedure.

Affirmed.